**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CLIFFORD ANTHONY JACKSON #401126   \*
       Plaintiff
                        \*
                                CIVIL ACTION NO. PJM-12-2212
                        \*
SAMUEL CURRY
       Defendant
                        \*\*\*\*\*\*

**O P I N I O N**

Plaintiff, presently incarcerated at the Maryland Reception and Diagnostic Center in Baltimore ("MRDCC"), brings this self-represented action under the civil rights act, 42 U.S.C. § 1983, seeking money damages and release from incarceration[1] and alleging that the attorney paid to represent him in a criminal matter was negligent. Plaintiff's request for leave to file in forma pauperis shall be granted for the purpose of initial review of his claim.

The case shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S. C. § 1983. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant, an attorney, was acting under color of law, the claim against him shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) (attorneys, including public defenders and

---

[1] Plaintiff is advised that any attack on his conviction requires the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff may request forms for filing such writ by contacting the Clerk.

attorneys appointed by the State of Maryland do not act under color of state law and are not state actors).

      Title 28 U.S.C. 1915(e), provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal --
>       (i)    is frivolous or malicious;
>       (ii)    fails to state a claim on which relief may be granted; or
>       (iii)    seeks monetary relief against a defendant who is immune from such relief.

This action seeks money damages from a party immune from such relief and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(iii).  This dismissal will constitute Jackson's "third strike" under the statute.[2]   Jackson is advised that he may he will be barred from filing new cases unless he first submits the entire civil filing fee, pursuant to 28 U.S.C. § 1915 (g).

      A separate order shall be entered in accordance with this Memorandum Opinion.

                                                  /s/
                                          PETER J. MESSITTE
July 31, 2012                          UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff received a "first strike" in *Jackson v. Doory,* Civil Action No. PJM-12-931 (D. Md.) and a "second strike" in *Jackson v. Salmon*, Civil Action No. PJM-12-2187 (D. Md.).

2